IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JM OILFIELD SERVICE, INC. | § § | BANKRUPTCY NO. 15-52159-CAG |
| DEBTOR | § § § | CHAPTER 7 CASE |

| | | |
|---|---|---|
| JOSE C. RODRIGUEZ, AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JM OILFIELD SERVICE, INC., PLAINTIFF | § § § § § § | ADVERSARY NO. _____ |
| VS. | § § | |
| CTI METAL BUILDINGS, INC., DEFENDANT | § § | |

**COMPLAINT TO AVOID & RECOVER PREFERENTIAL TRANSFERS**

Jose C. Rodriguez, the Court-appointed trustee ("Trustee" or "Plaintiff") of the bankruptcy estate of JM Oilfield Services, Inc. (the "Estate") files this *Complaint to Avoid and Recover Preferential Transfers*, respectfully showing the Court as follows:

**PARTIES**

1. Plaintiff is the Trustee duly appointed by the Court upon the initiation of the filing of this Chapter 7 Bankruptcy proceeding and brings this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001, 11 U.S.C. §§ 541, 542, 544, 547, 548, 550, and all other applicable law. Pursuant to title 11 of the United States Code (the "Bankruptcy Code"), the Trustee is authorized to pursue all causes of action formerly held by the Debtor and the Estate, including without limitation, this action to avoid and recover preferential transfers.

2. Defendant CTI Metal Buildings, Inc. ("Defendant") is a Texas corporation. Pursuant to Federal Rule of Bankruptcy Procedure 7004, Defendant may be served by mailing the process via United States Postal Service first class mail postage prepaid to: (1) its registered agent, Richard Arlin Green, Sr., at 501 St. James St., Gonzales, Texas 78629, or wherever else he may be found; (2) to President and Director, Richard Arlin Green, Sr., at 611 Saint Peter St., Gonzales, Texas 78629, or wherever else he may be found; or (3) any other registered agent or officer of Defendant wherever they may be found.

## JURISDICTION & VENUE

3. Plaintiff commences this proceeding pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Court has jurisdiction over this adversary proceeding pursuant to sections 157, 1331, and 1334 of Title 28 of the United States Code. The Court may enter final orders and judgments with respect to this proceeding because it is a core proceeding pursuant to sections 157(b)(1), (b)(2)(A), and (b)(2)(F) of Title 28 of the United States Code.

4. Venue is proper in this district pursuant to section 1409 of Title 28 of the United States Code.

## SUMMARY OF COMPLAINT

5. By this Complaint, Plaintiff seeks to avoid and recover all preferential transfers received by Defendant during the applicable Preference Period (defined below).

## FACTS

6. On September 1, 2015 (the "Petition Date"), JM Oilfield Services, Inc. ("Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code.

7. Plaintiff is the duly appointed Trustee of the Bankruptcy Estate and is authorized to pursue this Complaint on behalf of the Debtor and the Bankruptcy Estate.

8. On or within the ninety (90) days prior to the Petition Date (the "Preference Period"), Debtor transferred, or caused to be transferred, property to Defendant in the form of at least the following check(s) and/or wire transfer(s) totaling at least $6,490.00 (all such transfers, including any transfer not listed below but made during the Preference Period, shall be referred to, individually, as a "Transfer" and cumulatively as the "Transfers"):

| | Date | Method | Amount |
|---|---|---|---|
| **CTI Metal Buildings, Inc** | 8/12/2015 | Check #1654 | $ 6,490.00 |
| | | **TOTAL** | **$ 6,490.00** |

9. The Transfer was made to Defendant within 90 days of the Petition Date on account of an antecedent debt owed by Debtor. Debtor was insolvent at the time of the Transfer. The Transfer listed above enabled Defendant to receive payment of 100% of its then-outstanding claims.

10. On June 22, 2017, Trustee's counsel made written demand on Defendant to return to the Estate all sums received from Debtor during the ninety (90) day preference period. To date, Defendant has failed to return the funds.

11. The Trustee reserves his right to amend this Complaint if additional transfers are discovered. Likewise, by specifying the minimum amount believed to have been received by Defendant, the Trustee does not waive his right to seek additional monies and/or assets from Defendant through this action. He specifically seeks to recover through this Complaint all voidable and unauthorized transfers received by Defendant from Debtor.

## CAUSES OF ACTION

**COUNT 1 — Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547**

12. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1–11 above.

13. The Transfer constituted a transfer of an interest of property of Debtor.

14. The Transfer was made, or caused to be made, to or for the benefit of Defendant, a creditor of Debtor.

15. The Transfer was made, or caused to be made, for or on account of an antecedent debt owed by Debtor to Defendant prior to the date on which such Transfers were made.

16. At the time of the Transfers, Debtor was insolvent. Pursuant to section 547(f) of the Bankruptcy Code, Debtor is presumed insolvent during the Preference Period.

17. The Transfer enabled Defendant to receive 100% of its then-outstanding claims, which is more than it would have received if: (a) paid in the ordinary disposition of the bankruptcy estate under chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) Defendant had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

18. Pursuant to section 547(b) of the Bankruptcy Code, Plaintiff may avoid the Transfer, which totals at least $6,490.00.

**COUNT 2 — Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550**

19. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1–18 above.

20. Defendant was the initial transferee of the Transfer.

21. Plaintiff is entitled to recover from Defendant, or any immediate or mediate transferee of Defendant, the Transfers or the value of the Transfers, along with prejudgment and post-judgment interest, for the benefit of the trust, as successor to the Debtor's bankruptcy estate, pursuant to section 550 of the Bankruptcy Code.

**COUNT 3 — Costs and Fees**

22. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1–21 above.

23. Plaintiff has been forced to incur attorneys' fees and costs in connection with the filing and prosecution of this Complaint.

24. Plaintiff requests an award for such attorneys' fees and costs incurred in the filing and prosecution of this Complaint to the extent allowed under the Bankruptcy Code and Texas law. *See* 11 U.S.C. §§ 105(a), 547, 550(a).

## **PRAYER**

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment for the Plaintiff:

(i) Avoiding the Transfers as preferential transfers under section 547 of the Bankruptcy Code;

(ii) Permitting recovery of the Transfers or the value of the Transfers, along with prejudgment and post-judgment interest, from Defendant pursuant to section 550 of the Bankruptcy Code; and

(iii) All such other relief as is fair and appropriate.

Dated: August 29, 2017

                Respectfully submitted,

                **PULMAN, CAPPUCCIO,**
                **PULLEN, BENSON& JONES, LLP**
                2161 NW Military Highway, Suite 400
                San Antonio, Texas  78213
                www.pulmanlaw.com
                (210) 222-9494 Telephone
                (210) 892-1610 Facsimile

                By: */s/ Elliott S. Cappuccio*
                    Elliott S. Cappuccio
                    Texas State Bar No. 24008419
                    ecappuccio@pulmanlaw.com
                    Thomas Rice
                    Texas State Bar No. 24025613
                    trice@pulmanlaw.com
                    Matthew J. McGowan
                    Texas State Bar No. 24098077
                    mmcgowan@pulmanlaw.com

                **ATTORNEYS FOR PLAINTIFF**
                **JOSE C. RODRIGUEZ, CHAPTER 7 TRUSTEE**

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Jose Rodriguez, Trustee [JM Oilfield Svc, Inc.) | DEFENDANTS<br>CTI Metal Buildings, Inc. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Pulman Cappuccio et al. (210) 222-9494<br>2161 NW Military Hwy #400, San Antonio, TX 78213 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to avoid preferential transfer(s) pursuant to FRBP 7001, 11 USC Sections 541, 542, 544, 547, 548, 550

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[4] 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 7,000.00 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JM Oilfield Serivice, Inc. | BANKRUPTCY CASE NO.<br>15-52159 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western Texas | DIVISIONAL OFFICE<br>San Antonio | NAME OF JUDGE<br>Craig A. Gargotta |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE 8/29/17 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Matthew J McGowan | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.